IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv203

| | |
|---|---|
| CHERIE FUERTES SNEED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion and Amended Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act. [Docs. 14 & 15].

I. **PROCEDURAL HISTORY**

The Plaintiff Cherie Fuertes Sneed initiated this action on May 28, 2009 seeking review of the denial of her claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on August 19,

2009. [Doc. 5]. Thereafter, the Plaintiff filed a motion for summary judgment on the basis of the administrative record. [Doc. 9]. The Government in response consented to remand. [Doc. 10]. On July 15, 2010, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 12].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $5,950.96. The Plaintiff further requests that the Court allow him 60 days after being served with notice of an award of past-due benefits to file for fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). [Docs. 14 & 15]. In response, the Government states that it will not opposed an award in the amount of $5600.96 for attorney's fees to be made payable to the Plaintiff by the Social Security Administration and no substantive objection to reimbursement for costs of $350.00 for the initial filing fee from the Judgment Fund, in full settlement and satisfaction of any and all claims for attorney's fees pursuant to the EAJA. [Doc. 16].

II.   ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court

2

finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner consents to the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. The parties agree on a total sum due for award, $5,950.96, with Defendant allocating that as $5,600.96 in attorney's fees and $350 in costs. In support of this request, the Plaintiff submits documents showing the Consumer Price Index for March 1996 and July 2010 [Docs. 14-1 to 14-2], respectively, as

well as affidavits of counsel and billing records detailing the hours claimed by attorneys and paralegals in preparing this case. [Docs. 14-3, 14-4,14-5].

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

The Consumer Price Index data published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March

1996, the date that the statutory rate of $125 per hour was established, to 218.011 in July 2010, the date of the Court's Judgment remanding this case, an increase of 40.02%. The Court finds that this increase in the cost of living justifies a corresponding increase in the hourly rate for attorney's fees in this case. The Court further finds that this higher hourly rate is consistent with the prevailing market rates for services charged by lawyers of similar talents and experience in this District. Accordingly, the Court concludes that an award of attorney's fees in this claim is reasonable when based upon an hourly rate for attorney work of $175.02.

Upon careful review of counsel's time sheets and affidavits, the Court finds that the total number of hours (32) claimed as having been worked on this matter by persons identified as Plaintiff's attorneys is reasonable.

We now turn to the question of who is entitled to payment. In this matter, the Court has only received notice of one attorney for Plaintiff: Norm Schaich. Mr. Schaich is admitted to and is in good standing with this District. Mr. Schaich has included in his motion a claim for services of another attorney, Charles L. Martin, whose claim in turn includes a claim for the services of attorney Michael S. Prigodich. The product of the services described, Plaintiff's brief which ultimately yielded success in

obtaining benefits for the Plaintiff, is a testament to the expertise of all who contributed. Nevertheless, it remains that neither Mr. Martin nor Mr. Prigodich have appeared as counsel of record in this case. More importantly, neither is admitted in this District or licensed to practice law in this state, and neither has sought or been allowed *pro hac vice* admission in this matter.[1] The case having been filed in May of 2009, ample time for attending to these important matters has passed. It is the responsibility of counsel to know and follow the local rules. Their noncompliance with the District's local rules is a special circumstance under the EAJA, rendering an award unjust.

Between the time Plaintiff's instant motion was filed and this Order was drafted, the Court came to see a pattern in the way that attorney Martin participated in cases in this District, dating back to at least 2004, and in cases of other admitted attorneys as well. The Court then became aware of warnings and denials of fees issued to counsel who sought fees

---

[1] In a probably inadvertent, but important, departure from the usual practice of attorney Martin, Mr. Prigodich's involvement was not revealed on the face of Plaintiff's Memorandum in Support of Summary Judgment. In fact, the instant motion is the first notice that the Court has received of attorney Prigodich's involvement in this matter. As such, the Court does not know a basis upon which to allow the claim for hours claimed by or on behalf of attorney Prigodich. That claim for 21 attorney hours will be denied without prejudice to Plaintiff's opportunity to provide further explanation on this question.

for Mr. Martin's similarly-administered services by several courts in the District of South Carolina[2] dating back to May of 2008. Based thereon the Court is confident that Mr. Martin knew the risks of flouting this Court's *pro hac vice* admission rules in enacting essentially the same style of participation without admission in this case (which was filed after he had received several warnings in South Carolina).

It is the obligation of this Court to participate in the regulation of the practice of law in this District. In Re G.L.S., 745 F.2d 856 (4th Cir. 1984), Rule 83, Fed. R. Civ. P., LcvR 83.1. Acting on that obligation protects the citizens of this District from "quality control problems" enabled by the routine exercise of significant influence over local cases by persons over whom no local authority otherwise can assert credentialing, service of process, and discipline. Hon. G. Ross Anderson, Jr., "Renting Your Law License Can Be Dangerous: Avoiding the Rubber-Stamp Mentality Surrounding *Pro Hac Vice* Admissions", South Carolina Lawyer, March 2010, p. 33, Sanders v. Russell, 401 F.2d 241, 245 (5th Cir. 1968).[3]

---

[2] All of the following references are to cases in the District of South Carolina. Warnings: 9:07-cv-00546, 5/9/08; 0:06-cv-02255, 7/24/08; 8:06-cv-03610, 04/09/09; 0:07-cv-01424, 5/13/09. Denials: 8:07-547, 2:07-1621, and 3:07-3785, 7/29/09; 6:08-546, November 24, 2009, 2:09-CV-00001, 6/14/10.

[3] That obligation is not impacted by whatever reaction opposing counsel may offer to the acts of another purporting to serve as counsel in a matter, since any such offer

The Court addressed the above-referenced pattern in another case in this District, ultimately resulting in attorney Martin's obtaining *pro hac vice* admission to this Court in seven cases where his name appears on the respective Plaintiff's brief. Those seven cases have been filed more recently than this case, and attorney Martin was alerted that future *pro hac vice* admission requests were unlikely to be granted. In light of the age and advanced progression of this case, and considering the smooth administration of justice, *pro hac vice* admission at this point would be meaningless. Plaintiff's instant motion is nonetheless ripe for determination. Since attorneys Martin and Prigodich are neither licensed in this district nor admitted *pro hac vice*, however, they cannot be treated as admitted attorneys for purposes of this fee petition.

In another matter, attorney Martin personally appeared in this Court and addressed concerns presented by his pattern of participation in Social Security cases in this District. Notably, he discussed the strong appearance that rather than working solely as a brief-writer for admitted attorneys at their behest, he might be creating relationships with admitted

---

would be made by opposing counsel in his/her status as an attorney, and would not be an obligation of Defendant in its role as litigant. Sandoval, nt. 8.

attorneys that equate to providing "a legal conduit through which [Martin and his associates are] attempting to practice in this court without seeking admission to the Bar or *pro hac vice*," an arrangement condemned in Humphrey v. Apfel, No. 1:98-CV-162-C (N.D.Tex. July 2, 1999) (Koenig, J.)(quoted in Sandoval v. Apfel, 86 F.Supp.2d 601, 607 (N.D.Tex.,2000))[4]. The Court understands attorney Martin's responses as describing a relationship wherein he, an unlicensed person, provides legal services to lawyers.

Providing such services to attorneys while not being licensed essentially serves the role of a paralegal. The Court, therefore, concludes that attorney Martin is entitled to payment as a paralegal pursuant to this petition for fees. The rate at which paralegal services are to be compensated must be in keeping with "prevailing market rates" for paralegals in this District. See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008). In this District, a $70.00 per hour rate of compensation for paralegal services has been found reasonable. It is that rate at which the services of Martin will be paid. This recasts 6 hours denominated as attorney time, to paralegal time.

---

[4]The Court specifically notes that important distinctions exist between these facts and those in the Humphrey and Sandoval cases, and neither applies nor takes a position here on the analysis or outcomes reached in them, due to those distinctions.

Based upon a reasonable hourly rate of $175.02 per hour for 5 attorney hours expended and the reasonable hourly rate of $70.00 per hour for 6 paralegal hours expended, the Court concludes that a total fee award of $1,295.12 is justified.

Finally on this topic, the Court appreciates the candor of attorney Schaich, a member of this Bar, in identifying the status of each person performing work on his client's claims. Sandoval at 605.

Next, the Plaintiff requests that the fee award be paid directly to her attorney, pursuant to an assignment she made of such fees. [Doc. 14 pg. 3].

Recently, a split[5] among the federal circuits over a custom of EAJA fees being awarded directly to a prevailing party's attorney was addressed by the U.S. Supreme Court in Astrue v. Ratliff, 560 S.Ct.—, 2010 WL 2346547 (June 14, 2010). The Court clarified that the "prevailing party"

---

[5] The 4th, 10th and 11th Circuits held that EAJA fees are payable only to the prevailing claimant, and thus, such fees are subject to administrative offset for any other non-tax debts that the claimant owes to the Government. See Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009), Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.), cert. denied, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008); Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), cert. denied, 129 S.Ct. 486, 172 L.Ed. 355 (2008). The 6th and 8th Circuits had held that EAJA fees may be awarded directly to the prevailing party's attorney and cannot be used to offset the claimant's debt. See Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, – S.Ct. –, 2009 WL 1146426 (Sep. 30, 2009); King v. Comm'r of Soc. Sec., 230 F. App'x 476, 481 (6th Cir. Mar. 28, 2007).

entitled to benefits under the EAJA is the claimant, not his attorney. Astrue at *4-7.

The government responded to Plaintiff's request by proposing that "if it is shown at the time of the EAJA Order that the prevailing party owes no" offset-qualifying debt, then Plaintiff's assignment of EAJA fees will be honored via a direct payment to counsel. [Doc. 16].

The Court does not read Astrue to preclude its honoring all assignments.

Significant aspects of this case are distinguishable from Ratliff. The issue in Ratliff was whether the application of the set off rule was mandatory in the face of a fee assignment. It did not address the question of whether the government could honor assignments in the absence of such debt. The cases that have analyzed the affect of Ratliff on assignments in the months since the Supreme Court's decision treat the government's offset obligations and attorneys' rights under assignments as competing but not entirely incompatible interests.

The proposed mechanism for payment attempts to harmonize those interests. There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after

11

satisfaction of such debt.[6] See Ratliff, 130 S.Ct at 2530. Subsequent cases have made that observation. Preston v. Astrue, 2010 WL 3522156 at *2 (M.D.Fla.,2010), Boykin v. Astrue, 2010 WL 3339502 at *1 n.1 (S.D.Ala.,2010).

The spirit of the plan that the government proposes here - honoring the assignment through direct payment to counsel if no debt is found to exist - was acknowledged in Ratliff as an agency practice that continued after the offset rule went into effect in 2005. Ratliff, 130 S.Ct. at 2529. No explicit ruling against that practice has been handed down. The Middle District of Florida has interpreted that acknowledgment an implicit ratification of that practice by the Supreme Court. Collins v. Astrue, 2010 WL 4023545 at *2 (M.D.Fla.,2010), Young v. Commissioner of Social Sec., 2010 WL 3043428 at *2 (M.D.Fla.,2010), Ford v. Astrue, 2010 WL 2991497 at *2 (M.D.Fla.,2010), Davis v. Commissioner of Social Sec., 2010 WL

---

[6]The concurrence in Ratliff addressed this more directly. It noted that the ruling simply settles in the negative the narrow question whether EAJA obligates the agency to make EAJA payments payable to the attorney, as had often been argued theretofore. Ratliff, 130 S.Ct. at 2530 (Sotomayor, concurring). That question is inapplicable here, where no one argues such an obligation. The parties have negotiated their proposed schedule. In addition it recognized the right of litigants to assign their interest in EAJA fees, and that assignments are governed by their terms but not by EAJA. Id., quoted in Johnson v. Astrue, 2010 WL 4094360 (E.D.Ark. 2010). Finally, the concurrence stressed that "[t]he EAJA's admirable purpose will be undercut if lawyers fear that they will never actually receive attorney's fees to which a court has determined the prevailing party is entitled." Id.

2871118 at *3 (M.D.Fla.,2010).[7] The Commissioner himself has argued that Ratliff implicitly ratified the practice that the parties propose here. Viator v. Astrue, 2010 WL 2942632 at *1 (M.D.Fla.,2010).

Some courts have not honored assignments after Ratliff. In many of those cases the government contested the validity of the assignment and/or the court was simply disinclined to delve into the logistics of determining whether an offset-qualifying debt existed. The language of the government's proposal, while acceptable in spirit, presents the latter problem. This Court has no information upon which to determine whether "at the time it enters [this] EAJA order" [Doc. 16] Plaintiff owes any offset qualifying debt.

In light of the parties' submissions and the Ratliff decision, the Court concludes it must deny the request to award EAJA fees directly to Plaintiff's counsel, without prejudice to the parties' opportunity to make supplemental motion(s) that more closely harmonize their request to honor Plaintiff's assignment with the ruling in Ratliff, specifically by freeing the Court from the obligation to determine Plaintiff's debt status.

---

[7]Of the Florida cases, the court did honor the assignment by leaving "to the parties the issue of to whom the fees shall be paid" in one instance (Collins), and did not honor the assignment because nothing addressed the question of claimant's debt status in three instances (Davis, Young and Ford). The parties' proposal provides a mechanism for determining debt status in the case at bar.

# **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion and Amended Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Docs. 14 & 15] are hereby **GRANTED** in part, and:

(1) The Clerk of Court shall enter judgment in favor of the Plaintiff and against the Defendant in the amount of $1,295.12 for attorney's fees awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2) The Plaintiff is further awarded $350.00 in costs, to be certified by the Office of the United States Attorney to the Department of Treasury for payment from the Judgment Fund.

(3) Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a debt to the government by which this fee award may be offset no later than 45 days from the entry of this Order.

And Plaintiff's Motion is **DENIED IN PART** as follows:

(4) Payment of the sums approved must be made directly to Plaintiff and not to his counsel, without prejudice to the parties' right, within 25 days of the entry of this Order, to submit supplemental motions on

the issue of honoring valid assignments after Ratliff for the Court's consideration.

**IT IS FURTHER ORDERED** the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 14] is hereby **DENIED** in part, denying his claim for 21 hours claimed by or on behalf of attorney Prigodich, without prejudice to her right, within 25 days of the entry of this Order, to provide a statement of a basis upon which to allow the claim.

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: December 22, 2010

Martin Reidinger
United States District Judge